UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH ARMSTRONG,

    Plaintiff,

vs.                                                                                          Case No.  3:11-cv-1164-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED** and **REMANDED** for proceedings not inconsistent with this opinion.

**I.     PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits ("DIB") on August 25, 2008, alleging an inability to work since July 1, 1989.  Id.  Plaintiff also filed an application for supplementary security income ("SSI") on August 25, 2008.  Id.  The Social Security Administration ("SSA") denied both applications initially on November 12, 2008, and upon reconsideration on February 25, 2009.  Id.  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") via video

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 16).

1

hearing on May 21, 2010. Id. A subsequent hearing was held on January 28, 2011. Id. On February 4, 2011, ALJ Davenport issued a decision finding Plaintiff not disabled. (Tr. 20). Plaintiff requested review of the ALJ's decision by the Appeals Council, but the request was denied. (Tr. 1-3). Plaintiff timely filed his Complaint in the U.S. District Court on November 22, 2011. (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since July 1, 1989, due to Parkinson's Disease. (Doc. 1, p. 2).

### B.     Summary of Evidence Before the ALJ

Plaintiff was 45 years of age on the date the ALJ's decision was issued. (Tr. 30). Plaintiff has a high school education up to the eleventh grade, and has received some specialized training in carpentry. (Tr. 44-45). Plaintiff has past relevant work experience as a diesel mechanic, construction worker, and dairy worker. (Tr. 45-47). Plaintiff was incarcerated from 1994-2006 for breaking and entering, forgery, and presenting a forged instrument. (Tr. 15, 43-44). His medical history is detailed in the record and will be summarized here.

The relevant medical records begin in 1999, while Plaintiff was incarcerated in the Commonwealth of Virginia. (Tr. 270-327). At this time, doctors at the Department of Corrections in Virginia (the "DOC") noted Plaintiff had surgery in 1992 on his left foot due to a prior gun shot wound. (Tr. 304). Doctors at the DOC noted Plaintiff's left foot had good function and gait. Id. Throughout his prison sentence, beginning in 2002,

Plaintiff was rated Medical Class A-3-10, which allowed him to work in the kitchen lifting no more than 75 pounds and to work as a mower for the grass cutting crew. (Tr. 271, 288, 301). In April of 2002, Psychologist Supervisor, Michael Fielding, changed Plaintiff's mental health impairment from a "no mental health impairment" rating to a "minimal mental health impairment" rating. (Tr. 278). In May of 2002, doctors at the DOC noted Plaintiff was suffering from asthma and mental health issues. (Tr. 272-273). In June of 2004, prison doctors recommended surgery for an inguinal hernia, however, Plaintiff refused the surgery. (Tr. 300, 303). In December of 2004, Plaintiff was downgraded once again to "no mental health impairment," which is where his mental health impairment rating remained until his release. (Tr. 307-310). In addition, in March of 2006, asthma was removed as a diagnosis. (Tr. 287). At the time of his release from prison in December, 2006, Plaintiff was not experiencing any medical issues or taking any medications. (Tr. 283).

After his release in 2006, Plaintiff did not seek any medical treatment prior to filing his application for benefits. On October 23, 2008, Plaintiff presented to consulting doctor, Dr. Timothy McCormick, regarding his application for disability benefits. (Tr. 329-335). Plaintiff told Dr. McCormick he was diagnosed with Parkinson's Disease in either 1994 or 1995, while he was incarcerated. (Tr. 329). Additionally, Plaintiff complained about his hands, arms, legs, and neck jerking. Id. Dr. McCormick determined the only symptom of Parkinson's Disease Plaintiff exhibited was occasional hand tremors. (Tr. 331). Dr. McCormick observed Plaintiff had full range of motion throughout both his right and left hands. Id.

3

Plaintiff presented to Tangela Lockett for a physical RFC assessment on November 5, 2008.  (Tr. 337-343).  Ms. Lockett opined Plaintiff could sit/walk with normal breaks for about six hours during the work day.  In addition, Ms. Lockett opined Plaintiff could sit for about six hours during the work day.  (Tr. 338).  Ms. Lockett noted Plaintiff had a "fine low amplitude in his right hand, but it was only seen on a couple of occasions during the entire exam."  Id.

On January 29, 2009, Dr. David Guttman opined Plaintiff had a mild low amplitude intermittent tremor in his right hand, but had no other manifestations of Parkinson's Disease.  (Tr. 344).

Plaintiff later presented to another consulting doctor, Dr. Raul Zelaya, on June 22, 2010, who diagnosed Plaintiff with Parkinson's Disease.  (Tr. 349-358).  Dr. Zelaya noted all of Plaintiff's major joints "failed to reveal any swelling, tenderness, erythema, heat, crecipitation, deformity or severe pain."  (Tr. 351).  Dr. Zelaya found Plaintiff showed a tremor affecting his right hand when his hand was at rest.  Id.  According to the Medical Source Statement of Ability to Do Work-Related Activities, Dr. Zelaya opined Plaintiff could continuously lift 10 pounds, frequently lift 11-20 pounds, occasionally lift 21-50 pounds, and never lift above 50 pounds.  (Tr. 353).  With respect to carrying weight, Dr. Zelaya opined Plaintiff could continuously carry 10 pounds, frequently carry 11-20 pounds, occasionally carry 21-50 pounds, and never carry above 50 pounds.  Id.  Dr. Zelaya also found Plaintiff could sit, stand, and walk for up to one hour without interruption.  (Tr. 354).  Furthermore, Dr. Zelaya opined Plaintiff could sit five hours out of the work day, walk two hours out of the work day, and stand one hour out of the work day.  Id.  Lastly, Dr. Zelaya opined that in relation to activities with his

right hand, although Plaintiff could continuously reach, reach overhead, push and pull; he could only frequently handle and feel, and only occasionally finger.  (Tr. 355).

### C. Summary of ALJ Davenport's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in a substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve (12) months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(a)(4)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(4)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In the instant case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through March 31, 1997. (Tr. 15). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 1989, the alleged onset date. Id. At step two, the ALJ found Plaintiff had the following severe impairment: Parkinson's Disease. Id. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17).

With respect to Plaintiff's RFC, the ALJ found that Plaintiff could

> perform light to medium work ... including lifting and carrying up to 10 pounds continuously and up to 50 pounds occasionally. [Plaintiff] can sit for one hour at a time and for a total of five hours during an eight-hour workday; stand for one hour without interruption and for a total of one hour during an eight-hour workday; walk for one hour at a time and for a total of two hours during an eight-hour workday. [Plaintiff] can continuously perform reaching and pushing/pulling with his right hand and frequent handling and feeling, but occasional finger with his right hand ... [and] no limitations on the use of his left hand. [Plaintiff] can use both of his feet continuously for operating foot controls. [Plaintiff] is able to perform occasional climbing of stairs and ramps, but less than occasional climbing of ladder and scaffolding ... frequent balancing and stooping and continuous kneeling, crouching, and crawling.

(Tr. 17-18). In making this determination, the ALJ found Plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms. (Tr. 18). However, the ALJ found Plaintiff's assertions "concerning the intensity, persistence, and limiting effects of the alleged symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." Id.

At step four, the ALJ determined Plaintiff was unable to perform his past relevant work as a construction worker, diesel mechanic helper, or dairy worker. (Tr. 19). However, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined Plaintiff "[was] capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 20). As such, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act at any date from July 1, 1989 through February 4, 2011. Id.

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Richardson, 402 U.S. at 401 and Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff's brief raises one argument regarding alleged errors committed by the ALJ. Specifically, Plaintiff argues the ALJ failed to present a complete hypothetical to the vocational expert as required under Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). The Commissioner responds that the ALJ properly accounted for all of Plaintiff's limitations in the hypothetical question and the ALJ properly determined Plaintiff was capable of performing a significant range of alternative work. (Doc. 22, p. 9-10).

Plaintiff argues the ALJ's hypothetical to the VE did not consider or include all of the physical restrictions imposed by one of the consultative examiners, Dr. Zelaya, which the ALJ adopted in his RFC finding. (Doc. 21, p. 8). Specifically, Plaintiff contends the question posed to the VE did not adequately account for Dr. Zelaya's medical finding that Plaintiff was limited to "sitting for five hours, standing for one hour and walking for two hours." (Doc 21, p. 8). In addition, Plaintiff argues he is only able to work at a sit/stand job for six hours a day, thus, making him disabled. (Doc 21, p. 8). The Commissioner responds by noting that Dr. Zelaya's limitations were properly accounted for in the hypothetical question to the VE. (Doc. 22, p. 9-10). The

Commissioner contends there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled. (Doc. 22, p. 3).

Plaintiff is correct that case law in this circuit holds that: "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227; see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Pendley, 767 F.2d at 1562.

In the instant case, the ALJ posed the following hypothetical question to the VE:

> It's at the medium exertional level but with significant number of other limitations including something with a sit/stand option situation. Assume that I found on the basis of credible evidence that the claimant had the capacity for less than full range of medium work with regard to being sitting and on his feet and all the rest of that, his ability to be up on his feet, **standing or walking would be limited to three hours a day total**, **no more than an hour at a time**. Sitting five hours a day total, no more than an hour at a time. So that in essence, whether sitting or standing or whatever he might be needing to do, he would need some ability to be able to change his position at least to stretch for a moment or two at the end of every hour. And as I say no more on his feet total than three hours out of the day and no more than sitting total, five hours out of the day. With regard to postural limitations restrictions, that would be occasionally balancing and occasional climbing, occasional stooping, the other limitations in terms of climbing ladders or crawling or any of that would be rarely, in other words less than occasional but not none at all, just pretty infrequent. Additionally with the dominant right hand, he could do frequent handling and fingering but only occasional fine manipulation.

(Tr. 33-34, emphasis added).  Plaintiff contends this hypothetical has "no basis in the record," because it did not include all of Plaintiff's physical limitations.  Specifically, Plaintiff argues that although the ALJ specifically found he was only able to stand for a total of one hour in an eight-hour workday, his hypothetical to the VE only limited to Plaintiff being able to stand and walk for three hours (with no mention of the one-hour limitation on standing).

The ALJ has the opportunity to weigh the evidence and include only those limitations that are supported by the record.  In the instant case, the ALJ specifically determined Plaintiff could "stand for one hour without interruption and for an total of one hour during an eight-hour workday [and] walk for one hour at a time and for a total of two hours during an eight-hour workday."  (Tr. 17).  This determination was not properly included in the hypothetical, where the ALJ simply stated: "standing or walking would be limited to three hours a day total, no more than an hour at a time."  Based on this hypothetical, it appears Plaintiff is able to stand for three hours total or walk for three hours total, so long as he does either for only one hour at a time.

As noted above, where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence.  Pendley, 767 F.2d at 1562.  As the ALJ found Plaintiff was able to perform other work existing in the national economy and this finding was based on the testimony of the VE, the undersigned cannot say his decision is based on substantial evidence.  The undersigned cannot determine whether the limitation of only standing for a total of one hour in an eight-hour workday and walking for no more than two hours in an eight-hour

workday would eliminate any of the positions listed by the VE. Accordingly, the undersigned will remand the case to the ALJ to make a proper finding at step five by utilizing a hypothetical question which includes all of the limitations he finds applicable to Plaintiff.[2]

**IV. CONCLUSION**

In sum, the Court finds the ALJ erred when he failed to include his determination that Plaintiff was able to stand for one hour without interruption for a total of one hour during an eight-hour workday, and walk for one hour without interruption for a total of two hours during an eight-hour workday in the hypothetical question posed to the VE. As a result, the ALJ's decision is hereby **REVERSED** and **REMANDED**. On remand, the ALJ shall include the proper limitations regarding standing and walking in the hypothetical question to the VE. Furthermore, the ALJ should consider whether Plaintiff adequately demonstrated the presence of a medically determinable impairment during the relevant period. Additionally, the ALJ may conduct any further proceedings he deems appropriate, including ordering further examinations, in light of any new findings. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the

---

[2] The Commissioner argues Plaintiff failed to show he was disabled prior to his date last insured. As Plaintiff also filed for SSI and the Court has determined this case should be remanded, it will not address this argument. Rather, the Court will direct the ALJ to consider it on remand.

11

receipt of a notice of award of benefits from the Social Security Administration.  **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** at Jacksonville, Florida, this __7th__ day of December, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record